# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Hutchinson Technology Inc., <br><br> Plaintiff, <br><br> v. <br><br> Suncall Corp., <br><br> Defendant. | Case No.: 0:21-cv-02618-SRN-DLM <br><br> **ORDER ON DEFENDANT SUNCALL'S MOTION TO SUPPLEMENT THE RECORD** |

Alan G. Carlson, Erik G. Swenson, Mitchell R. Williams, and Tara C. Norgard, Carlson Caspers Vandenburgh Lindquist & Schuman PA, 225 S 6th Street, Suite 4200, Minneapolis, MN 55402, for Plaintiff

Abigail Teresa Reardon, Erik R. Fuehrer, Erin Larson, Jon Ikegami, Mary Catherine Dahl, Michael L. Burns IV (pro hac vice), Nathan Carpenter (pro hac vice), Robert Buergi (pro hac vice), Sangwon Sung (pro hac vice), and Soumitra Deka (pro hac vice), DLA Piper LLP (US), 1251 Avenue of the Americas, New York, NY 10020, also for Plaintiff

Faris Rashid, Jeanette M. Bazis, and Jeya Paul, Greene Espel PLLP, 222 S. Ninth Street, Suite 2200, Minneapolis, MN 55402, for Defendant and Counterclaimant

Benjamin J Bradford (pro hac vice), Erica Sedler (pro hac vice), Kaiwen Luan (pro hac vice), Mitchell Denti (pro hac vice), Miwa Shoda (pro hac vice), Nick G Saros (pro hac vice), Nicole Keenan (pro hac vice), and Paaras Modi (pro hac vice), Jenner & Block 353 N. Clark St Chicago, IL 60654-3456, also for Defendant and Counterclaimant

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Suncall Corp.'s ("Suncall") informal Motion to Supplement the Court's record on the parties' Markman claim construction briefing (*See* Doc. Nos. 88-90; 93-94, 133-134). Suncall seeks to supplement the record with excerpts from the deposition testimony of several of Plaintiff Hutchinson Technology

1

Inc.'s ("HTI") witnesses—including named inventors on HTI's asserted patents—and an identification of the patents for which the deposition testimony is relevant.

Based on a review of the files and submissions herein, and for the reasons below, the Court **DENIES** Defendant's Motion.

## I.  BACKGROUND

This case concerns patents for hard disk drive ("HDD") suspension assemblies, manufactured by both HTI and Suncall. Both parties have alleged that the other has infringed on its patents in manufacturing HDD suspension assemblies and components sold to third parties.

The Court held a Markman claim construction hearing on October 18, 2023. (Doc. No. 152.) According to Suncall, it took the at-issue depositions after this hearing. On December 13, 2023, Suncall filed this motion, and on the same day, HTI opposed it.[1]

## II.  ANALYSIS

Suncall argues that good cause exists for Suncall to supplement the Court's record, as the relevant testimony was taken after the Court's October 18, 2023 Markman hearing. Suncall argues that it could not have elicited this testimony prior to the hearing due to HTI's alleged delay in disclosing documents relating to the patents-in-suit, as well as an ongoing dispute concerning HTI's alleged withholding of "documents related to the

---

[1] Suncall did not submit a formal motion, but rather sought leave to supplement the record via an email to the Court and opposing counsel. As HTI had the opportunity to oppose Suncall's motion in an email of its own, the Court will construe Suncall's email as an informal motion, and will accordingly rule on the merits.

conception and reduction to practice of its asserted patents, which are typically used in the examination of a named inventor."[2]

HTI argues that Suncall has long since passed the April 27, 2023 deadline for the parties' Joint Claim Construction Statement, which required the parties to identify any extrinsic evidence "on which it intends to rely either in support of its proposed construction of the claim or to oppose any other party's proposed construction of the claim." (Pretrial Scheduling Order at 4-5.)  It argues that Suncall opted not to seek inventor testimony until after the parties had completed briefing for the Markman hearing, did not take any of the at-issue depositions until after the hearing itself, and did not seek to amend the Pretrial Scheduling Order to push back the Markman hearing.  Moreover, HTI argues that courts treat inventor testimony, submitted in connection with a Markman hearing, as less significant and reliable as compared with the intrinsic record.

The Court may grant a motion to supplement the record at its discretion, as part of its inherent power to manage its own docket.  *See* FRCP Rule 1; *see also Cutsforth, Inc. v. LEMM Liquidating Co., LLC*, No. CV 12-1200 (SRN/LIB), 2018 WL 847763, at *3 (D. Minn. Feb. 13, 2018); *Roche Diagnostics Operations, Inc. v. Abbott Diabetes Care, Inc.*, Civil Action No. 07–753–RGA, 2014 WL 6871579 at *4 (D.De. Dec. 5, 2014) (citing

---

[2] This discovery dispute is the subject of separate motion practice.  On November 22, 2023, Magistrate Judge Douglas L. Micko issued an order [Doc. No. 170] clarifying his September 23, 2023 ruling from the bench granting in part and denying in part Suncall's motion to compel discovery from HTI [Doc. No. 132].  On December 6, 2023, Suncall objected to Judge Micko's ruling [Doc. No. 199].  Suncall's objection is currently under review by this Court.

*Roche Diagnostics Operations, Inc. v. Lifescan Inc.*, 452 Fed. Appx. 989, 997 (Fed. Cir. 2012) ("In patent cases, the Federal Circuit has 'left it to the discretion of the district court whether and to what extent each party should be allowed to supplement the record with additional briefing and evidence[.]'")

Pursuant to Local Rule 16.3 and this case's current Pretrial Scheduling Order [Doc. No. 52], parties may not amend or supplement their submissions without good cause shown. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008); *see also Monec Holding AG v. Motorola Mobility, Inc.*, Civil Action No. 11–798–LPS–SRF, 2013 WL 12218319 at *4 (D.De. Nov. 5, 2013) (denying a motion to supplement the record and holding that where the plaintiff located existing records after a *Markman* hearing, "the court [was] not inclined to permit post–Markman supplementation of the record to allow evidence that was previously available to counsel, but was overlooked.")

Suncall has not shown good cause to supplement the record. Suncall understood that its decision not to seek inventor deposition testimony until later this year would preclude that testimony from being submitted with the Markman briefing. Were this testimony as vital as Suncall now contends, it could have sought to modify the Pretrial Scheduling Order to change the date of the Markman hearing.

Moreover, pursuant to well-established law, inventor testimony is extrinsic evidence, and is unlikely to meaningfully assist the Court with construction of the patent claims currently before it. *See Unwired Planet LLC v. Google, Inc.*, 660 F. App'x. 974,

4

984 (Fed. Cir. 2016) ("the district court wrongly relied on the inventor's testimony about his subjective understanding of the meaning of" the claim term at issue because "this testimony is irrelevant as a matter of law"); *Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*, 540 F.3d 1337, 1347 (Fed. Cir. 2008) ("[I]nventor testimony as to the inventor's subjective intent is irrelevant to the issue of claim construction."); *Oakley, Inc. v. Sunglass Hut Int'l*, 316 F.3d 1331, 1342 n.2 (Fed. Cir. 2003) (holding that an inventor's deposition testimony that the terms "vivid" and "strong" were synonymous was "of little value in the definiteness analysis or claim construction."). As such, even if provided to the Court, Suncall's supplemental material is unlikely to meaningfully assist the Court in its claim construction.

### III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Suncall's Motion to Supplement the Record is **DENIED**.

Dated: December 14, 2023     /s/ Susan Richard Nelson\_\_\_\_\_
                                                              SUSAN RICHARD NELSON
                                                              United States District Judge