UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Hutchinson Technology Incorporated, | Case No. 21-cv-2618 (SRN/DLM) |
| Plaintiff, | |
| v. | **SEALED ORDER** |
| Suncall Corporation, | |
| Defendant. | |

This matter is before the Court on Plaintiff Hutchinson Technology Incorporated's ("HTI") Motion for Leave to Move to Strike certain discovery contentions and responses provided by Defendant Suncall Corporation ("Suncall") (Docs. 269 (motion), 272 (memorandum)), which Suncall opposes (Doc. 283 (memorandum)). For the reasons that follow, the Court denies HTI's motion.

## BACKGROUND

The parties are competitors who manufacture and sell hard disk drive suspension assemblies. They each allege the other has infringed on patents involved in manufacturing and selling these assemblies and their components. The Court issued the operative Pretrial Scheduling Order ("PTSO") in this matter on October 13, 2022. (Doc. 52.) According to that Order, the deadline for both the close of discovery and for all non-dispositive motions related to discovery was December 15, 2023. (*Id.* at 1.) In fact, these deadlines have been the same since the parties proposed them in their Rule 26(f) Report on June 16, 2022 (Doc.

36 at 18), a proposal memorialized in the original Pretrial Scheduling Order issued June 24, 2022 (Doc. 38 at 1, 7).

In a motion dated January 12, 2024, HTI seeks to amend the operative PTSO's non-dispositive motions deadline under Federal Rule of Civil Procedure 16(b)(4)—a rule which requires both good cause and judicial consent to reopen a deadline—to permit HTI to move to strike some of Suncall's discovery contentions and interrogatory responses. (Doc. 269.) Specifically, HTI argues that it objected to, and sought the withdrawal of, four of Suncall's untimely discovery responses, only two of which remain live disputes after the Court's February 9, 2024 Order concerning claim construction in this matter:[1] 1) its supplemental invalidity contentions and prior art statement due by January 13, 2023 but not received until December 15, 2023; and 2) its supplemental responses to Interrogatory Nos. 6 and 9 concerning its license and exhaustion defenses received December 7 and 15, 2023, respectively. According to HTI, because Suncall served these supplements on or shortly before the non-dispositive motions deadline, HTI claims that it was impracticable for it to meet the PTSO's non-dispositive motions deadline to object to them despite its diligence. Without the opportunity to seek discovery on these late supplements, HTI claims it will be unfairly prejudiced. Thus, it argues that good cause exists to reopen the non-dispositive motions deadline so that it may move to strike these supplements.

---

[1] In a status update to the undersigned dated February 15, 2024, Suncall and HTI jointly agreed that the Claim Construction Order (Doc. 292) rendered moot two parts of HTI's motion for leave to file its motion to strike, including: 1) "HTI's proposed motion to strike Suncall's Supplemental Infringement Contentions," and 2) "Suncall's Response to Interrogatory No. 18 on damages based on the '945 patent." (Doc. 293 at 2.) The Court thus does not address these mooted portions of HTI's motion.

Suncall opposes HTI's motion, arguing that HTI has not shown the required diligence or extraordinary circumstances necessary to support its request. As to its supplemental responses to Interrogatory Nos. 6 and 9, Suncall argues that it provided initial notice of the contents of its supplement within the discovery period on December 2, 2023—not on December 7 or 15 as HTI contends—and that this gave HTI several weeks to file a motion challenging this discovery. As further evidence of this, Suncall points to its own timely discovery motion (Doc. 220) which also focused on a late-breaking discovery dispute. Suncall also contends that there is no unfair prejudice to HTI where Suncall disclosed its supplements to HTI shortly after discovering the supporting evidence for them. Suncall also argues that serving additional discovery requests on these issues would be ineffective or unnecessary both because the evidence would not have been known to Suncall's deponents, and because it is available to HTI through its own sister company records. Turning to its supplemental invalidity contentions, Suncall claims that it served its supplement as soon as practicable because it only learned the information supporting its contentions in depositions conducted in November and December of 2023. Suncall also argues that while HTI vaguely asserts that the invalidity contentions would have impacted its claim construction position and how it conducted discovery, HTI provides no specifics about how the outcome of claim construction would have been any different, or what discovery would have been sought. Finally, Suncall claims that even if there were any prejudice to HTI as a result of these discovery supplements, HTI does not propose a measured response to cure it, instead asking the Court for the most drastic remedy of striking Suncall's supplements entirely, which Suncall argues is unreasonable here.

## ANALYSIS

Because the deadline to file non-dispositive motions here was December 15, 2023, and HTI filed its motion on January 12, 2024, HTI needs the Court to reopen this deadline under Rule 16 of the Federal Rules of Civil Procedure in order for it to be able to file its proposed motion to strike. Rule 16 provides that a pretrial schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716–17 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). Rule 16's good cause standard is "exacting" and "demands a demonstration that the existing schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota*, No. 97-cv-2185 (JRT/RLE), 187 F.R.D. 578, 581–82 (D. Minn. June 7, 1999) (quoting Fed. R. Civ. P. 16(b) and Fed. R. Civ. P. Advisory Committee Notes – 1983 Amendment). Determining whether good cause has been shown "falls within the magistrate judge's broad discretion." *Shank v. Carleton Coll.*, 329 F.R.D. 610, 614 (D. Minn. 2019). Although diligence is the primary factor courts look to when deciding whether good cause exists to reopen a deadline, courts are free to consider other factors such as prejudice to the nonmovant, the significance of the amendment, or other considerations. *See Income Allocation, LLC v. TruChoice Fin. Grp., LLC*, No. 22-cv-343 (JWB/JFD), 2023 WL 3916738, at *3 (D. Minn. June 9, 2023); *see also Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006)).

4

Additionally, under Local Rule 16.3 of this District, a movant who seeks to reopen a scheduling order deadline after it has passed must also demonstrate "extraordinary circumstances." *See* D. Minn. LR 16.3(d) ("Except in extraordinary circumstances, before the passing of a deadline that a party moves to modify, the party must obtain a hearing date on the party's motion to modify the scheduling order. The hearing itself may take place after the deadline.").

Taking the two discovery disputes identified by HTI in turn, the Court concludes the following. As to Suncall's supplemental responses to Interrogatory Nos. 6 and 9, the Court agrees that HTI received notice of Suncall's revised theories concerning its license and exhaustion defenses on December 2, not on December 7 or 15. (*See* Saros Decl., Ex. 17 at 7–8.) Yet the Court also notes that the parties' disputes about which licenses are relevant to Suncall's defenses—including the Supply Assurance Agreement and the Nitto Settlement Agreement—have put HTI on notice of the relevance of discovery concerning the licenses themselves much earlier than early December of 2023. (*See, e.g.*, Doc. 98 (containing Suncall's motion to compel production of the Supply Assurance Agreement and Nitto Settlement Agreement on September 13, 2023).) Despite this notice, it was only on December 28, 2023, that HTI notified the Court it meant to raise a challenge to Suncall's license and exhaustion defenses via an email on file with the Court. In that email, HTI claimed that it had met and conferred with Suncall on December 21, 2023 concerning this discovery dispute and had reached an impasse on that date. The progression of this dispute does not lend itself to a finding of diligence or present the kind of extraordinary circumstances that would justify reopening a closed deadline. *See Archer*, 187 F.R.D. at

5

581–82 (requiring a movant to demonstrate that despite their diligence there was no way that the scheduling order's deadlines could reasonably be met).

HTI protests that it was diligently following the Local Rules to spare the Court an unnecessary motion by first meeting and conferring with Suncall and reaching an impasse on its dispute. The Court finds this argument unpersuasive, particularly in the context of a case that has been so litigious with such voluminous motions practice. Moreover, while Local Rule 7.1 requires that parties meet-and-confer before filing a motion, Rule 7.1 does not shield parties from complying with a case's scheduling order or from the exacting standard required to reopen a scheduling order deadline once it has passed. *See* D. Minn. LR 7.1(a); *see also Zarling v. Abbott Lab'ys*, No. 21-cv-0023 (MJD/JFD), 2022 WL 1598232, at *6 (D. Minn. May 20, 2022) (denying a motion to reopen the non-dispositive motions deadline to permit a challenge to discovery productions received the day before that deadline because counsel had long known that the fact discovery and non-dispositive deadlines fell close together and presented no extraordinary circumstances to justify reopening a deadline that had passed). The Court also observes that Suncall raised concerns about a discovery dispute in early December and it still managed to file its motion by the non-dispositive motion deadline, providing evidence that HTI also had time to file its motion.

As to Suncall's supplemental invalidity contentions and prior art statement, the Court issued an Order on June 3, 2024, in which it found good cause supported Suncall's request to reopen the deadline for filing an amended pleading to add to its defenses concerning its invalidity contentions and supporting prior art. (Doc. 363.) In that Order,

6

the Court evaluated the timing and circumstances of Suncall's inequitable conduct defenses, finding that the facts and law supported reopening the deadline for amended pleadings to permit Suncall to add its inequitable conduct defenses. (*Id.* at 8–9.) The Court also considered HTI's claims of unfair prejudice and futility raised in opposition Suncall's motion, but found that neither presented a persuasive reason to deny the motion. (*Id.* at 10–15.) The Court thus ordered Suncall to file its amended pleadings (*id.* at 15), which Suncall has now done (Doc. 364). Considering these circumstances, the Court finds HTI's arguments that Suncall's supplemental invalidity contentions and prior art statement should be struck unpersuasive, considering that these defenses are now incorporated into the pleadings by Court permission. And given the largely favorable outcome of the claims construction process for HTI, the Court is even less inclined to find that HTI suffers actual prejudice from Suncall's supplement as to its invalidity defenses. The Court thus cannot find extraordinary circumstances present that would justify the reopening of the non-dispositive motions deadline as HTI requests.

## ORDER

Accordingly, based on the above, and on all the files, records, and proceedings in this action, **IT IS ORDERED** that:

1) Plaintiff Hutchinson Technology Incorporated's Motion for Leave to Move to Strike (Doc. 269) is **DENIED**; and

2) This Order shall be unsealed in its entirety 30 days from the date it is filed unless the parties show in writing good cause to keep specific portions of the Order under seal. Accordingly, the parties shall promptly meet and confer about any redactions that may be needed to protect confidential information referred to in this Order. They shall then file a joint letter and proposed redacted order within 14 days from the date this Order is filed,

identifying with specificity the redactions they believe are required, if any, and the basis for those redactions.

Date: June 7, 2024

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge