UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Hutchinson Technology Incorporated, | Case No. 21-cv-2618 (SRN/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Suncall Corporation, | |
| Defendant. | |

This matter is before the Court on Plaintiff Hutchinson Technology Incorporated's ("HTI") Amended Motion re: Transcript Redactions (Docs. 227 (motion), 228 (exhibit)) in which HTI seeks certain redactions to a corrected transcript of a hearing held on September 27, 2023 (Doc. 142 (original hearing transcript), 171 (corrected hearing transcript)). Defendant Suncall Corporation ("Suncall") opposes HTI's proposed redactions, as set forth in HTI's motion (Doc. 227 at 3–9). For the reasons that follow, the Court grants in part and denies in part HTI's motion.

## BACKGROUND

During the course of discovery in this lawsuit, Suncall filed a Motion to Compel certain discovery responses from HTI (Doc. 98). The Court entertained oral argument on Suncall's motion on September 27, 2023, granting in part and denying in part Suncall's motion from the bench. (Doc. 132 (text-only hearing minutes).) In the minutes, the Court noted that "[i]f requested, the transcript or portions of the transcript should be filed under seal and restricted to the parties and their counsel." (*Id.*) The parties subsequently ordered

a copy of the transcript (Docs. 135, 136), and a transcript was filed on October 3, 2023, with a text-entry in the docket giving the parties notice that they had seven days to file a notice of their intent to request transcript redactions (Doc. 142). HTI timely filed a notice of its intent to request redactions on October 10, 2023 (Doc. 147), then filed a motion laying out the parties' disagreement on HTI's proposed redactions to the transcript and asking the Court to resolve the disputes. (Doc. 153.) A corrected version of the hearing transcript was subsequently filed on November 27, 2023 (Doc. 171), and HTI withdrew its original motion and filed an amended motion corresponding to the corrected version of the hearing transcript (Doc. 227).

## ANALYSIS

Courts rarely review transcripts for confidential information, but counsel may seek redactions of such information, especially any personal identifiers such as social security numbers or other information that should remain non-public. *See* D. Minn. LR 5.5(a), (c), (e). However, the public has a "general right to inspect and copy public records and documents, including judicial records and documents." *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006). This right has roots in the "common law presumption in favor of public access to judicial records." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 602 (1978). "Judicial orders and hearing transcripts reflect the everyday business of the courts and clearly amount to judicial records." *Krueger v. Ameriprise Fin., Inc.*, No. 11-cv-2781 (SRN/JSM), 2014 WL 12597948, at *10 (D. Minn. Oct. 14, 2014), *aff'd*, 2015 WL 224705 (D. Minn. Jan. 15, 2015). Courts often use the factors first set forth in *United States v. Hubbard*, 650 F.2d 293, 318 (D.C. Cir. 1980) as guidance when analyzing whether to

restrict public access to judicial records that carry a presumption of public availability. These factors include:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Schedin v. Ortho-McNeil-Janssen Pharms., Inc.*, 8-cv-5743, 2011 WL 1831597, at *2 (D. Minn. May 12, 2011) (quoting *Doe v. Exxon Mobile Corp.*, 570 F. Supp. 2d 49, 52 (D.D.C. 2008)).

### I. References to Nitto and the existence of the Nitto Settlement Agreement shall be unredacted.

HTI requests that the reference to "Nitto" referring to a Nitto Settlement Agreement remain redacted because the references identify a company with whom HTI has a confidential settlement agreement. HTI further argues that this identifier is sealed in other docket entries. Suncall disagrees, arguing that the mere name of a third party and the fact that HTI has a settlement agreement with it discloses no confidential information. Suncall also contends the settlement agreement already exists in the public domain. However, it does not oppose the sealing of certain portions of the transcript concerning the actual contents of the agreement discussed on page 28 at lines 6–15.

The Court finds that the mere name of a company with whom HTI has a settlement agreement, and the existence of that settlement agreement, does not present the sort of confidential information the Court is inclined to seal. Further, the Court takes judicial notice that it is a matter of public record that a case between the Nitto Denko Corporation

3

and HTI resulted in a settlement agreement. *See Nitto Denko Corp. v. Hutchinson Tech. Inc.*, No. IPR2018-00954, 2019 WL 193609, at *1 (P.T.A.B. Jan. 14, 2019) (granting the parties request to keep their settlement agreement confidential and separate from the patent file). The Court agrees with other courts' determinations that it serves no purpose to redact information already available to the public. *See, e.g.*, *Thompson v. Kanabec Cnty.*, No. 17-cv-1926 (DWF/LIB), 2019 WL 13379594, at *2 (D. Minn. Sept. 5, 2019) (quoting prior orders reaching this conclusion). That said, information about the contents of the settlement agreement is non-public and shall be sealed. Therefore, the Court grants HTI's requests for redactions on page 28 at lines 4 and 6–23. However, the request for redactions is denied as to page 4 at line 3; page 7 at lines 21 and 24–25; page 8 at lines 1 and 7–8; page 9 at line 7; page 26 at lines 9, 12, and 13–16; page 28 at line 1; page 31 at line 25; and page 37 at lines 10 and 16.

**II.     References to an HTI Supply Assurance Agreement with Western Digital that in turn Refer to Specific Sections and Subsections and their Contents shall be Redacted.**

HTI next requests that the Court seal the transcript's discussion of the contents of a Supply Assurance Agreement between HTI and Western Digital because HTI contends this information is confidential, is designated as "highly confidential" under the Protective Order (Doc. 45), and has been filed under seal in other documents on the docket. Suncall disagrees in part, arguing that general information about and arguments concerning this agreement that do not reveal its confidential substance need not be kept non-public. Suncall concedes, however, that certain portions of the transcript should be redacted, including page five at lines 9–25, and page 6 at lines 2–5, 10–12, and 19–22.

4

According to the Protective Order, materials may be designated as "highly confidential" where they contain:

> (1) highly sensitive financial and economic information, including financial planning, financial performance, market plans, business plans, competitive strategies, business relationships, proprietary financial data, such as sales volumes, revenue, costs, profitability or any other information that could cause harm to the business or competitive position of the producing party; (2) proprietary technical information, such as research and development, production, and manufacturing of products; (3) information that constitutes a trade secret; and (4) information received by a party from a customer or vendor that is within the categories set forth in (1), (2) or (3) above or that the customer or vendor requires be treated as confidential and not to be provided to third parties in the ordinary course of business.

(*Id.* ¶ 2.) Even so, the mere fact that a document has been designated confidential under a protective order "is not sufficient to warrant the wholesale withholding or redaction of hearings or orders of the court." *Krueger*, 2014 WL 12597948, at *10.

The Court grants in part and denies in part HTI's request for redaction. HTI chose this judicial forum to litigate its claims, and it must grapple with the fact that this forum is meant to be as transparent to the public as it can be. Nothing about the contents of a business agreement between HTI and Western Digital is disclosed by the general discussion of the agreement's existence, counsels' own opinions about whether an agreement conferred a license or required other agreements, nor its discussion of the dates of versions of the agreement. Likewise, general questions from the Court about counsel's assertions do not disclose confidential information about the specific language from, and contents of, the agreement at issue. These types of statements will not be redacted. At the same time, the identification of specific sections or subsections, such as the discussion of "5.1," "5.2," and "Section 11," and of what those sections or subsections might have

5

triggered between HTI and Western Digital, or language either directly from the agreement or paraphrasing such language, is reasonably designated as "highly confidential" under Federal Rule of Civil Procedure 26(c)(1)(G) and shall be redacted from the transcript. Therefore, the Court grants HTI's request to seal the portions of the transcript on page 5 at lines 9–25; page 6 at lines 2–12, 14–17, and 19–22; page 7 at 1–10; page 20 at lines 10–16; page 21 at lines 8–16 and 20–25; and page 22 at lines 1 and 9–11. HTI's redaction request as to page 16 at lines 22 and 25; page 17 at line 1; page 18 at lines 15–20 and 23–24; page 19 at lines 3–10 and 20–25; page 20 at lines 6–7 and 24–25; and page 21 at lines 1–2 and 4–6 is denied.

### III. References to Descriptions from HTI's Privilege Log shall be Unredacted.

HTI next requests that the Court seal the transcript's discussion of the bases for HTI withholding certain documents as privileged as set forth in HTI's privilege log. HTI argues that this information should be kept private because it discloses confidential business information about its patent strategy, such as what general entities participate in the process. Suncall disagrees and claims that the reasons for asserting privilege are not themselves confidential and that HTI's general process for how it prepares to prosecute patent applications is also not confidential.

When parties claim discovery cannot be produced because it is privileged, they must produce "a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory affidavit" from their counsel. *Triple Five of Minnesota, Inc. v. Simon*, No. 99-cv-1894 (PAM/JGL), 212 F.R.D. 523, 528 (D. Minn. 2002) (quoting *Rabushka ex rel. United States v. Crane Co.*, 122 F.3d

559, 565 (8th Cir. 1997)), *aff'd*, 2002 WL 1303025 (D. Minn. June 6, 2002). The privilege log's description should provide enough information for the opposing party to object to an improper assertion of privilege while still protecting the underlying protected information. Fed. R. Civ. P. 26(b)(5)(A). The Court thus finds that what HTI included in its privilege log descriptions here adequately protects the underlying privileged information, and general statements within those descriptions do not disclose information that should remain sealed. Specifically, disclosure to the public of the general entities involved in developing a patent—such as administrative coordinators, engineers, and technology review boards—is not the type of secret inner workings of a business that the Court believes competitors will somehow use to gain an advantage in the market. Likewise, phrases common in privilege logs, such as "for the purpose of legal advice" or "in anticipation of litigation," do not merit any special protection in the contexts where they appear in the transcript at issue. Accordingly, the Court denies HTI's redactions request for the transcript as to page 12 at lines 18–25; page 13 at lines 13–16; page 14 at lines 13–15; page 15 at line 4; page 24 at lines 24–25; and page 25 at lines 1–3.

## ORDER

Accordingly, based on the above, and on all the files, records, and proceedings in this action, **IT IS ORDERED** that:

1) Plaintiff Hutchinson Technology Incorporated's Amended Motion re Transcript Redactions (Doc. 227) is **GRANTED IN PART** and **DENIED IN PART**;

2) The September 27, 2023 corrected hearing transcript (Doc. 171) shall be permanently sealed; and

7

3)     Consistent with this Order, the court reporter is directed to file a redacted public version of the September 27, 2023 corrected hearing transcript (Doc. 171) as a new docket entry, with redactions identified by the following page and line numbers:

- 5:9–25;
- 6:2–12;
- 6:14–17;
- 6:19–22;
- 7:1–10;
- 20:10–16;
- 21:8–16;
- 21:20–25;
- 22:1;
- 22:9–11;
- 28:4; and
- 28:6–23.

Date: June 11, 2024                                         *s/Douglas L. Micko*
                                                                                  DOUGLAS L. MICKO
                                                                                  United States Magistrate Judge