UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Hutchinson Technology Incorporated, | Case No. 21-cv-2618 (SRN/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Suncall Corporation, | |
| Defendant. | |

This matter is before the Court on Plaintiff Hutchinson Technology Incorporated's ("HTI") Motion Regarding Transcript Redactions (Docs. 261 (motion), 262 (exhibit)) in which HTI seeks certain redactions to a corrected transcript of a hearing held on December 8, 2023 (Doc. 226 (hearing transcript)). Defendant Suncall Corporation ("Suncall") opposes some of HTI's proposed redactions, as set forth in HTI's motion (Doc. 261 at 3). For the reasons below, the Court grants in part and denies in part HTI's motion.

## BACKGROUND

During the course of discovery in this lawsuit, the parties filed cross motions to compel. (*See* Docs. 172 (HTI's motion), 180 (Suncall's motion).) The Court entertained oral argument on these cross motions on December 8, 2023, taking each under advisement. (Doc. 209 (text-only hearing minutes).) The parties subsequently ordered a copy of the transcript (Docs. 210, 234), and a transcript was filed on December 16, 2023, accompanied by a text-entry in the docket notifying the parties that they had seven days to file a notice of their intent to request transcript redactions (Doc. 226). HTI timely filed a notice of its

intent to request redactions on December 26, 2023 (Doc. 239), then filed a motion containing the parties' disagreement on some of HTI's proposed redactions and seeking the Court's resolution of the dispute. (Doc. 261.) That motion is now before the Court.

## ANALYSIS

Courts rarely review transcripts for confidential information, but counsel may seek redactions of such information, especially any personal identifiers such as social security numbers or other information that should remain non-public. *See* D. Minn. LR 5.5(a), (c), (e). However, the public has a "general right to inspect and copy public records and documents, including judicial records and documents." *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006). This right has roots in the "common law presumption in favor of public access to judicial records." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 602 (1978). "Judicial orders and hearing transcripts reflect the everyday business of the courts and clearly amount to judicial records." *Krueger v. Ameriprise Fin., Inc.*, No. 11-cv-2781 (SRN/JSM), 2014 WL 12597948, at *10 (D. Minn. Oct. 14, 2014), *aff'd*, 2015 WL 224705 (D. Minn. Jan. 15, 2015). Courts often use the factors first set forth in *United States v. Hubbard*, 650 F.2d 293, 318 (D.C. Cir. 1980) as guidance when analyzing whether to restrict public access to judicial records that carry a presumption of public availability. These factors include:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Schedin v. Ortho-McNeil-Janssen Pharms., Inc.*, 8-cv-5743, 2011 WL 1831597, at *2 (D. Minn. May 12, 2011) (quoting *Doe v. Exxon Mobile Corp.*, 570 F. Supp. 2d 49, 52 (D.D.C. 2008)).

The parties generally agree on the information that should be sealed, including page 45 at lines 8–10; page 45 at line 19; page 54 at lines 6–17; page 58 at lines 1–3; and page 58 at lines 5–9. (Doc. 261 at 2–4.) The Court agrees and will accordingly order such portions of the transcript be sealed. However, the parties disagree as to whether page 47 at lines 1–6 should be sealed.

On page 47 at lines 1–6 of the transcript, HTI's counsel provides estimates on the products and versions of products HTI has developed, and the related patents HTI has held in relation to those products, over a discrete period. HTI argues this information should be sealed because it is confidential business information that might show a competitor its patent strategy. HTI further argues such information is sealed in other docket entries. Suncall disagrees and claims such information is not confidential business information that a competitor could use to its benefit, and also contends that this information, in whole or in part, is already in the public domain and therefore need not be sealed here.

The Court finds that the speculative discussion of the quantity of HTI's developed products, product versions, and patents over a period of time does not disclose confidential business strategies that would give a business competitor any advantages. Moreover, the Court takes judicial notice of the hundreds of patents publicly available concerning HTI. United States Patent and Trademark Office ("USPTO"), *Patent Public Search Basic (PPUBS Basic)*, https://ppubs.uspto.gov/pubwebapp/static/pages/ppubsbasic.html (last

3

visited June 14, 2024). The Court finds that it serves no purpose to redact information already available to the public. *See Hutchinson Tech. Inc. v. Suncall Corp.,* No. 21-CV-2618 (SRN/DLM), 2024 WL 2956508, at *2 (D. Minn. June 12, 2024) (citing *Thompson v. Kanabec Cnty.*, No. 17-cv-1926 (DWF/LIB), 2019 WL 13379594, at *2 (D. Minn. Sept. 5, 2019) (quoting prior orders reaching this conclusion)). Therefore, the Court denies HTI's requests for redactions of the hearing transcript on page 47 at lines 1–6.

## ORDER

Accordingly, based on the above, and on all the files, records, and proceedings in this action, **IT IS ORDERED** that:

1) Plaintiff Hutchinson Technology Incorporated's Motion Regarding Transcript Redactions (Doc. 261) is **GRANTED IN PART** and **DENIED IN PART**;

2) The December 8, 2023 hearing's transcript (Doc. 226) shall be permanently sealed; and

3) Consistent with this Order, the court reporter is directed to file a redacted public version of the December 8, 2023 hearing's transcript (Doc. 226) as a new docket entry, with redactions identified by the following page and line numbers:

    - 45:8–10;
    - 45:19;
    - 54:6–17;
    - 58:1–3; and
    - 58:5–9.

Date: June 17, 2024                                    *s/Douglas L. Micko*
                                                      DOUGLAS L. MICKO
                                                      United States Magistrate Judge